Morgan *v.* Chamberlain.

The judgment must therefore be affirmed.

[MONROE GENERAL TERM, December 7, 1857. *Johnson, T. R. Strong* and *Welles,* Justices.]

MORGAN *vs.* CHAMBERLAIN and others.

Where the plaintiff took a mortgage from B., with full notice of a prior mortgage upon the same premises, which had been assigned to, and was then held by, C., and with knowledge that B., notwithstanding such assignment and without the authority and sanction of C. as assignee, had executed a discharge of such prior mortgage; *Held* that the plaintiff, being a mere voluntary purchaser or mortgagee, did not occupy the position of a general creditor of B., and therefore was in no better situation to attack C.'s mortgage than was B. himself; that he stood, in this respect, in the shoes of B., and must receive the same measure of justice which would have been meted out to B. had he undertaken, by action, to legalize the fraudulent discharge and to destroy or impair the apparent lien of C.'s mortgage.

*Also held,* that upon the principle of refusing aid to either of the parties to a fraudulent transaction, the plaintiff was not entitled to a decree declaring his mortgage to be the first lien, and the discharge of the prior mortgage to be legal.

APPEAL from a judgment entered upon the report of a referee. The complaint alleged that on the 4th day of September, 1851, Jeffrey S. Barnes was in embarrassed circumstances, and being the owner of certain lands in Holley, Orleans county, with the intention of defrauding his creditors, conveyed the lands to Aaron Barnes, and took back two mortgages ; one to his wife, and another to himself; that it was the understanding that the bond and mortgage to himself, Jeffrey S. Barnes, should not be paid ; that Jeffrey S. Barnes sold and transferred the bond and mortgage payable to him

to Philetus Chamberlain, and took his note for the same in the sum of $700, payable in two years ; and that it was the understanding between Chamberlain and Jeffrey S. Barnes, that Barnes might surrender the note and take back the bond and mortgage ; and that Barnes kept the note until the 29th day of November, 1851, on which day Aaron Barnes re-deeded the premises to Jeffrey S. Barnes ; that Jeffrey S. Barnes acknowledged satisfaction of the bond and mortgage assigned to Chamberlain, and gave a bond and mortgage to Alva Morgan, the plaintiff, upon the same premises, with the knowledge and co-operation of Morgan, and delivered Chamberlain's note to Morgan, to be given back to Chamberlain in place of his mortgage.  The complaint then alleged that he, Morgan, let Barnes take Chamberlain's note to be delivered to Chamberlain in exchange for Chamberlain's bond and mortgage ; but that Barnes, instead of giving the note to Chamberlain, turned it out to Charles Seymour.  That Jeffrey S. Barnes gave a deed of the premises to Chamberlain to secure him against said note ; that Chamberlain has since occupied the land by his tenants ; that Morgan was foreclosing his mortgage by statute ; that Seymour sued Chamberlain on the note and collected it.

The complaint demanded judgment, that the mortgage of the 29th day of November, 1851, given by Jeffrey S. Barnes, be declared the first lien ; that the discharge of the mortgage assigned to Chamberlain be declared to be legal ; and that Morgan's mortgage be declared to be a lien prior to the mortgage assigned to Chamberlain.  The answer of Chamberlain admitted that he was sued and paid the note ; set up the several matters stated in his complaint in the case of Chamberlain against Morgan ; and denied all the allegations in the complaint which charge him with any connection or understanding with Jeffrey S. Barnes, and all the allegations of the complaint, except those which showed that he was entitled to his mortgage, and to have the same declared a lien ; and to have the discharge of the same, which was wrongfully made,

Morgan *v.* Chamberlain.

vacated. .The referee found the facts in this case, as in the case of Chamberlain against Morgan. And he decided, as matter of law, that the mortgage to Morgan was a prior lien to the mortgage assigned to Chamberlain ; that Chamberlain's mortgage was fraudulent and void as against the mortgage of Morgan, and ordered the usual judgment of foreclosure of the Morgan mortgage and the sale of the mortgaged premises, cutting off the equity of redemption, with costs to be paid out of the land. The proof showed the execution of the deed by Jeffrey S. Barnes to Aaron Barnes, and the giving back of the mortgage by Aaron Barnes, and the sale of this mortgage to Chamberlain, as claimed in the answer. That Jeffrey S. Barnes, notwithstanding the assignment, illegally discharged that mortgage without any right or authority from Chamberlain. That Morgan knew all about this mortgage ; and was privy to, and acted in, causing it to be discharged. That there was no arrangement whatever between Chamberlain and J. S. Barnes about keeping the note, or afterwards taking a deed to protect the note. The proof went to show that J. S. Barnes was in embarrassed circumstances at the time of giving the deed to Aaron Barnes, and the giving back of the mortgages ; and that Chamberlain took possession of the premises, and received the rents.

The defendant Chamberlain appealed from the judgment entered upon the report.

*M. S. Newton,* for the appellant.

*S. B. Jewett,* for the respondent.

*By the Court,* JOHNSON, P. J. The plaintiff's mortgage is subsequent to the defendant's, and from the mortgagee, and assignor of the defendant's mortgage, who is also the grantee of the defendant's mortgagor. The fraudulent conveyance of the premises originally, for which the defendant's mortgage was given, was made by him. The plaintiff's mortgage was

made after the premises were reconveyed to such original owner by a voluntary conveyance, without any new consideration. The plaintiff, as respects the defendant's mortgage, is not a *bona fide* mortgagee. He cannot claim as creditor of Jeffrey S. Barnes, but as subsequent mortgagee, in a mortgage taken upon a voluntary bargain or agreement, between himself and his mortgagor. When he took his mortgage he had full notice of the defendant's mortgage. It was on record, and the referee has expressly found, as a fact in the case, that when the plaintiff took his mortgage, Jeffrey S. Barnes, his mortgagor, had executed a discharge of the defendant's mortgage, and then gave to the plaintiff the note, which the defendant had given on the purchase of his mortgage, with the agreement that the plaintiff should keep it until it could be ascertained whether the defendant would ratify the satisfaction and discharge of his mortgage, which had been executed without his assent. It thus appears that when the plaintiff took his mortgage he was perfectly aware of the existence of the defendant's mortgage, of its assignment to the defendant, and of the satisfaction without the authority or sanction of the defendant as assignee. Upon this state of facts it is clear that the plaintiff is in no better situation to attack the defendant's mortgage than Jeffrey S. Barnes himself. As a general creditor of Barnes, he might have proceeded to judgment and execution, and thus put himself in a position to attack the defendant's mortgage. But as a mere voluntary purchaser or mortgagee, he does not occupy that position. He stands in this respect in the shoes of his mortgagor, and must receive the same measure of justice which would have been meted out to such mortgagor had he undertaken by action to legalize the fraudulent discharge, and to destroy or impair the apparent lien of the defendant's mortgage. Upon the same principles, therefore, and for the same reasons, which prevailed in the other case, these parties should be left to stand in the position in which they have seen fit to place themselves by their own voluntary acts. The law will not lend its aid for

any purpose of relief. The case of *Moseley* v. *Moseley* (15 *N. Y. R.* 334) is conclusive on this question, in a case like this. The judgment must therefore be reversed, and a new trial ordered, with costs to abide the event.

[Monroe General Term, December 7, 1857. *Johnson, T. R. Strong* and *Welles*, Justices.]